940 F.2d 1538
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Vernon Ray BROWN, Petitioner-Appellant,
v.
Steve HARGETT and the Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-7028.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Vernon Ray Brown was convicted of second degree burglary after former conviction of a felony in the District Court of Muskogee County, Oklahoma. He was sentenced to twenty-five years' imprisonment. Brown filed a direct appeal with the Oklahoma Court of Criminal Appeals. That court affirmed the judgment and sentence.
 
 
 3
 Brown then filed an application for post-conviction relief in the District Court of Muskogee County, arguing he did not receive adequate representation in his trial. He mailed an amended application to the court on March 1, 1990 in which he raised three new allegations: (1) the trial court improperly admitted prior convictions without proper foundation being laid; (2) the trial court admitted evidence that was allegedly seized unlawfully; and (3) there was insufficient evidence to convict him. On March 2, 1990, the trial court denied post-conviction relief because the issue of representation had already been resolved on direct appeal. Brown's amended application was filed with the trial court on March 5, 1990.
 
 
 4
 Brown appealed the trial court's March 2 decision to the Oklahoma Court of Criminal Appeals, arguing the trial court failed to consider the issues raised in his amended application. That court determined that even if the trial court had these issues properly before it, they would not sustain a motion for post-judgment relief. The court noted all three issues could have been raised on direct appeal. Under Oklahoma law, failure to raise such an issue at that time constitutes waiver. Although Brown claimed he had newly discovered evidence allowing him to raise these issues at that time, the court upheld the denial of post-conviction relief.
 
 
 5
 Brown then filed a petition for writ of habeas corpus in federal district court raising the same issues presented in his amended application for post-conviction relief. The district court concluded Brown was procedurally barred from raising three claims because the state court's rulings rested on independent and adequate state grounds. Brown filed a timely notice of appeal with this court.
 
 
 6
 The Supreme Court held in Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977), that an adequate and independent finding of procedural default by the state court will bar federal habeas review of the federal claim unless the petitioner can prove cause for the default and resulting prejudice. In extraordinary cases, where a constitutional violation has probably resulted in the conviction of an innocent person, a court may grant the writ even in the absence of a showing of cause for the procedural default. Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 7
 A state court judgment is adequate and independent of the federal claim if the last state court rendering judgment in the case clearly and expressly states its decision rests on a state procedural bar. Coleman v. Thompson, 59 U.S.L.W. 4789, 4792-94 (U.S. June 24, 1991). In this case, the Oklahoma Court of Criminal Appeals determined the claims asserted in Brown's amended application for post-conviction relief were waived by Brown's failure to raise them on direct appeal. Based on our review of the record in this case, we conclude Brown has not satisfied the cause and prejudice test nor demonstrated a fundamental miscarriage of justice. The district court properly denied Brown's petition for writ of habeas corpus.
 
 
 8
 Because we find Brown has neither raised a reasoned argument on the law and facts, Coppedge v. United States, 369 U.S. 438 (1962), nor demonstrated the issues raised are debatable among jurists, Barefoot v. Estelle, 463 U.S. 880 (1983), we deny the certificate of probable cause and the motion to proceed in forma pauperis. The appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3